**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PURZEL VIDEO, GMBH<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-84,<br><br>Defendants | Hon. Joan B. Gottschall<br><br><br>Case No. 1:13-cv-02501 |

---

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO PROCEED ANONYMOUSLY PURSUANT TO FED. R. CIV. P. 8,**
**MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45, MOTION TO SEVER**
**PURSUANT TO FED. R. CIV. 21 and MOTION TO SHOW CAUSE WHY PLAINTIFF'S**
**COMPLAINT SHOULD NOT BE DISMISSED**

---

Now Comes John Doe 18, by and through counsel, who provides this Honorable Court with the following Reply Memorandum in Support of its Motions.

**I. Introduction**

On June 11, 2013, Doe 18 filed his Motions for leave to proceed anonymously, to quash the subject subpoena, to sever, and to show cause why Purzel's Complaint should not be dismissed outright. (ECF Doc. 17). Since that time, several other Does have filed similar motions.

A response to Doe 18, as well as 29 and 42, was filed on July 26, 2013. It primarily relies on only (i) outdated case law, (ii) a more recent, but unmistakably distinguishable, Six-Doe case, and (iii) incorrect assertions that there is no other manner to protect its interests. (ECF Doc. 24, hereinafter "Response"). Additionally, Purzel attempts to characterize suggestion it may be engaging in judicially recognized business-litigation tactics as attacks from behind a wall of anonymity.[1] These arguments are unavailing and Doe 18 should be provided the relief he seeks.

---

[1] In a somewhat puzzling selection of authority, Purzel does so while citing to cases wherein AF Holdings is the Plaintiff. As this Court is undoubtedly aware, any attacks leveled against the plaintiff, AF Holdings, in that case have been judicially recognized to likely be correct, considering its "plundering [of] the citizenry," through "vexatious litigation

II. **Argument**

a.      A subpoena seeking no relevant information should be quashed

Purzel attacks the motion of Doe 18 with regards to the motion to quash by attacking his standing and relevancy authority he provided.  Insofar as his standing is attacked, Doe 18 has provided multitudes of on-point and recent authority indicating that he has standing to challenge the subpoenas issued.[2]  There is no reason to repeat argument herein.

Purzel has also asserted it is seeking relevant information from Doe 18's Internet Service Provider.  Doe 18 has fully briefed the law supporting the position that the information sought is irrelevant.  Additionally, he has provided a declaration indicating that he did not download the film and that any number of persons could have made use of the wireless router.[3]  For the sake of promoting judicial economy, this position will not be re-explored, and Doe 18 will, for the most part, simply rely on the more recent authorities – those developed after over a year of seeing the mass-Doe copyright litigation-business model being peddled hundreds of times over – he has already presented to the Court.

However, it should be noted that Purzel has not addressed Doe 18's argument that the discovery sought must be meant to lead to admissible evidence.  It has been judicially recognized that plaintiffs like Purzel have no intention of bringing any of these mass-Doe cases to trial, seeking only nuisance value settlements.[4]  Accordingly, the evidence they seek would not be admitted, and it follows then, that the discovery would necessarily not be for the purpose of obtaining admissible evidence.  This Court does not have to serve as a cog in the business model of Purzel.

---

designed to coerce litigation" and its "relentless fraud" on the Court.  *Ingenuity 13 LLC v. John Doe*, Case No. 2:12-cv-8333-ODW(JCx), (ECF Doc. 130) (C.D. Cal May 6, 2013) (Finding that AF Holdings collaborated in a "scheme" in that particular case).

[2] See, e.g., *Malibu Media*, No. 12 C 6672 (ECF Doc 51at 9) (N.D. Ill. Mar. 7 2013), *citing*, *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982;  *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, WL 3717768, at *2 (N.D. Ill. Aug. 27,

[3] This Doe's declaration does not even explore for possible spoofing of IP addresses.

[4] A review of all cases filed by Purzel across the country reveals that not a single Doe has been served in these actions.

b.    This Court should not further split on the announced, easily workable standard, based upon a single, distinguishable, case

In its argument supporting joinder in this case, Purzel relies primarily upon the recent Order of the Honorable Judge Ruben Castillo. *Malibu Media, LLC v. John Does 1 – 6*, Case No. 1:12-cv-08903 (ECF Doc. 24) (May 17, 2013).  This Court is split, as are most Courts and Circuits are in this country when faced with the mass-Doe litigation business model peddled by plaintiffs like Purzel. However, as indicated in Doe 18's, and other Does', motions, there has been a well-established trend of rejecting these mass-joinders.

This is because courts have recognized the tenuous, if any, connection between individual Does.  *See, e.g. Malibu Media v. Reynolds*, No. 12 C 6672 (ECF Doc. 51 at 16-17) (N.D. Ill. Mar. 7, 2013) (requiring simultaneous participation or close temporal proximity).  The *Reynold*s' Court's simple, workable, and appropriate standard has been reaffirmed by this Court.  *Zambezia Film (PTY) Ltd. v. Does 1-60*, Case No. 13-cv-1323 (ECF Doc. 7 at 3-4).  In fact, some other courts are severing and dismissing Does *sua sponte*.  *See, e.g., PHE, Inc. v. Does 1 – 105*, Case No. 1:12-cv-03342-WJM-KLM (ECF Doc. 6) (D.C. Colo. Jan 4, 2013) (specifically noting that having to pay separate filing fees[5] for each Doe was not an undue burden, and Plaintiff suffered no prejudice through severance) (Purzel's counsel representing PHE, Inc. in Eastern District of Missouri cases).

Clearly, the Northern District, in the *Malibu Media, LLC v. Does 1-6* case, chose to reject this well developed standard in that case.  However, the case before the Honorable Judge Ruben Castillo was simply a horse of a different color and was partially founded upon a fundamental misunderstanding of Purzel's options to protect its rights.

i.    factual differences

---

[5] In the case at hand, Purzel has saved nearly $30,000 in filing fees with its improper joinder.

The case before Judge Castillo only had six Does. In contrast, the case at hand has eighty plus putative Defendants. Judge Castillo, at least in part, based his reasoning on the "principle behind permissive joinder – efficient judicial administration." *Malibu Media, LLC v. John Does 1 – 6*, Case No. 1:12-cv-08903 (ECF Doc. 24 at 26) (May 17, 2013) (citation omitted). In that case, judicial economy may have actually been served, but that is not the situation before the Court today.

The current case has at least five different ISPs, some of which serve exclusively business customers. Each Doe would have wildly varying legal defenses and factual scenarios. In contrast, with only six-Does and all consumer Comcast subscribers, the variance in defenses and facts will likely be less. *See, In re: BitTorrent Adult Film Copyright Infringement Cases,* No. cv-11-3995-DRH-GRB (ECF No. 39) 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) (noting that there existed a "panoply of individual" defenses that would be asserted, and finding that "individualized determinations far outweighed the common questions in terms of discovery, evidence, and effort required.").

Fitting, and hearing, six Doe attorneys and their clients, in a courtroom is not that difficult. Fitting eighty-four would be. *See, Bridgeport Music, Inc. v. 11 C Music,* 202 F.R.D. 229, 232-33 (M.D. Tenn.). This same number issue carries on to the right to be at depositions. *See, Hard Drive Prods., Inc. v. Does 1-188,* No. 11-cv-01566 (ECF No. 18, pp. 11, 14) (N.D. Cal. Aug. 23, 2011). Finally, combining all the Does, some of whom may defend themselves, *pro se*, and not participate in the ECF system, would require the Does to mail dozens of copies of pleadings.

These very real possibilities – brought about by Purzel's misjoinder – all weigh heavily against judicial economy along with "fundamental fairness" "substantially prejudice[ing] the defendants and the administration of justice." *Id., see also, Pac. Century Intern., Ltd. v. Does 1-37*, No. 1:12-cv-01057 (ECF No. 23, pp. 9-10)(N.D. Ill. Mar. 30, 2012).

          ii.       Misunderstanding of other ways of protecting Purzel's rights

In addition to the distinguishable nature of the Six-Doe case, the Court in that case incorrectly accepted Malibu's (in this case Purzel's) erroneous allegation that it cannot protect its rights without suits such as this. Response, ECF Doc. 24 at 9; *Malibu Media, LLC v. Does 1 – 6*, Case No. 1:12-cv-08903 (ECF Doc. 25 at 10) (N.D.Ill. May 17, 2013). This is simply not the case. Major motion picture studios, with more to lose than Purzel have perfectly capable means of doing so.

In 1998, the Digital Millennium Copyright Act went into effect and has provided a regime to protect copyright interests such as those before the Court. It is telling that this cheaper and more efficient tool is utilized by major movie studios and recording industry representatives (RIAA). This use has obviated – for the most part – the utilization of costly publicly subsidized dispute resolution processes.[6] By simply serving a DMCA Take Down Notice to an Internet Service provider, pursuant to 17 U.S.C. § 512, Purzel could have protected its rights. The Internet Service Providers, who would be liable for damages if they did not comply, would typically send notices to Does and suspend the accounts of repeat offenders.

Additionally, major Internet service providers such as AT&T and Comcast – both ISPs in this case – take part in the Copyright Alert System.[7] This, admittedly, private[8] system is commonly referred to as the six strikes program. Hainen, K., *Movie, TV and Broadband Leaders Team to Curb Online Content Theft*. Recording Industry Assoc. of America Press Release (July 2011), *available at,http://www.riaa.com/newsitem.php?content_selector=newsandviews&news_month_filter=7&news_year_filter=2011&id=2DDC3887-A4D5-8D41-649D-6E4F7C5225A5*.

---

[6] However, this obviously does not allow Purzel to collect settlements from dozens of Does.

[7] This system was developed by reputable Motion Picture Association of America members Walt Disney Studios Motion Pictures, Paramount Pictures, Sony Pictures Entertainment, Twentieth Century Fox Film Corporation, Universal Studios, and Warner Brothers Entertainment, as well as music industry representatives (RIAA, IFTA) and Internet Service Providers.

[8] While Purzel is entitled to "its day in Court" as are all whose rights are infringed, it remains a fallacy to say there is no manner to protect itself when both a private system and a federal law provide remedies.

With this system, the traffic on these ISPs is monitored, and any copyright infringements detected result in graduated responses. Early reminders as to the rights held by companies, like Purzel, are later replaced with mitigation measures such as throttling of an ISP subscriber's bandwidth. While providing an economical solution to this problem, it also prevents innocent Does from being alleged to do anything illegal. Instead, they will be educated regarding alleged infringement and will be able to take steps to correct the same – e.g. securing a wireless router, having a parent supervise a child who may have illegally downloaded, or otherwise. Clearly, Purzel has means to protect its rights that don't amount to publicly subsidized shakedowns of innocent Does.

c.      Recent authority cited by Purzel supports Doe 18 proceeding anonymously

What is before the Court is a "matter[] of a highly sensitive and personal nature" involving a minimal harm to the public, and an infamous *modus operandi*. *See, Malibu Media, LLC v. Reynolds,* No. 12-cv-6672 (ECF Doc. 51, p. 11) (N.D.Ill. Mar 7, 2013). As Does already stated in their Motions, in nearly identical and very recent cases, this Court has allowed Does, such as Doe 18, to proceed anonymously. Doe 18 has put forth sufficient factual and legal justification for allowing them to proceed anonymously in their Motion, and Purzel has not countered the same. In fact, along with the *Malibu v. Reynolds* case, *supra*, the more recent Six Doe case placed before the Court by Purzel supports this conclusion as well. *See, Malibu Media, LLC v. John Does 1 – 6,* Case No. 1:12-cv-8903 (ECF Doc. 25 at 32) (N.D. Ill. May 17, 2013) (allowing Does to proceed anonymously despite earlier ordering all Defendants be named in an amended complaint).

Purzel puts forth no compelling reason for this Court to disregard the well thought out and reasoned conclusion of this Court only a few months ago. *See, Id.* at 11-14 (analyzing, over three pages, mass-Doe BitTorrent case law from across the country, and allowing Does to proceed

anonymously). Accordingly, if the subpoenas are not quashed, Does should be allowed to proceed anonymously, at least through the dispositive motion portions of this proceeding.

> d. Using BitTorrent does not equate to an agreement for conspiracy[9]

Using BitTorrent clients does not create an agreement. *Pac. Century Intern., Ltd. v. Does 1-37*, No. 1:12-cv-01057 (ECF No. 23, pp. 9-10)(N.D. Ill. Mar. 30, 2012) (emphasis added). When the word "agree," or a derivation of the same does not appear in a Complaint, that document simply fails to allege a conspiracy. There is no such word in Purzel's Complaint, and in its response, it simply points to its one-sided explanation of the BitTorrent protocol. (ECF Doc. 25 at 15). Purzel has not, and cannot, plead an agreement of the Does to do anything. Additionally, this Court has rejected this set of allegations as a mere ploy developed by mass-Doe plaintiffs to support "swarm-joinder" theory. *Pac. Century Intern., Ltd. v. Does 1-37*, No. 1:12-cv-01057 (ECF No. 23, pp. 9-10)(N.D. Ill. Mar. 30, 2012).

## III. Conclusion

For the foregoing reasons, as well as those in the original Motion, Doe 18 respectfully requests that the relief sought be granted.

<div style="margin-left:50%">

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of John Doe 18's Attorneys
418 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

</div>

---

[9] The other glaring pleading defect of incorrectly asserting a corporate formation within the United States was summarily corrected by Purzel.

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 2, 2013, he caused the foregoing, and all attachments referenced, to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Jonathan LA Phillips