IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PURZEL VIDEO GMBH, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> JOEL LIPSKY, TATIANA SAVENOK, ) <br> MUHAMED HADZIMURATOVIC, ) <br> MICHAEL SMITH, SCOTT KEHOE, ) <br> JEFFREY WARNER, MIKE JUAREZ, AND ) <br> DOES 18, 29, AND 42, ) <br> ) <br> *Defendants*. ) <br> _____ ) | Case No. 1:13-cv-02501 <br><br> Hon. Joan B. Gottschall <br><br> ***JURY TRIAL DEMANDED*** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

### I. Introduction

Plaintiff, Purzel Video GmbH, ("Purzel Video"), submits this statement regarding the status of service on Defendants and requests an extension of time to effectuate service on Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's Software on the Internet. At the time of filing, Plaintiff's investigator was only able to identify the Doe Defendants by limited information including their Internet Protocol ("IP") Addresses and the dates and times of alleged infringement. As described in its Memorandum in Support of its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, the only way that Plaintiff can determine Defendants' actual names is with cooperation from the Defendants' Internet Service Provider ("ISP"). Docket No. 8.

1

The Court entered an order on April 24, 2013 allowing early discovery. Docket No. 13. Plaintiff issued subpoenas to Defendants' ISPs, Comcast Corporation ("Comcast") and AT&T Internet Services ("AT&T"). Plaintiff has received responsive information from one ISP, Comcast, but received no information from AT&T.

Plaintiff has filed a First Amended Complaint naming seven (7) Defendants and including Does 18, 29, and 42, all of whom have filed motions to quash. Docket Nos. 29, 17 and 21.

Plaintiff requests that the Court extend the time by which Plaintiff must serve the named Defendants in this case for a reasonable amount of time (*i.e.*, an additional 21 days from August 1, 2013). Additionally, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the three (3) remaining Doe Defendants for a reasonable amount of time (*i.e.*, an additional 45 days from this Court's disposition of the motions to quash).

**II.     Argument**

    **a. Upon a Showing of Good Cause, the Court Must Extend the Time for Service on Defendants.**

Pursuant to Federal Rule of Civil Procedure Rule 4(m), a defendant must be served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "a court must extend the time for service for an appropriate period." *Id.*; *see also Stanley v. Martin*, No. 12C4670, 2013 WL 331267 at *1 (N.D. Ill. Jan. 29, 2013) ("If the plaintiff meets this burden and demonstrates good cause for the untimely service, the court must provide the plaintiff with an extension of time.") (*citing Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in the absence of good cause. *Id.* at *2.

2

This Court has employed a flexible approach to determining the good cause standard for extending time under Rule 4(m), noting that "[g]ood cause exists if the plaintiff can point to a 'valid reason' for the delay in service." *Id.* at *1 (*citing Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). "Although there is no precise test for good cause, the plaintiff must show, at a minimum, 'reasonable diligence' in his or her efforts to serve the defendant." *Id.* (*citing Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir.1993)). When a complaint involves unidentified, "Doe" defendants, courts have been sympathetic in allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### b. Plaintiff has Good Cause to Extend the Time Limit for Service.

Plaintiff can show both good cause and reasonable basis why it has not served the Defendants in this case within 120 days of filing the complaint. Plaintiff's complaint was filed on April 3, 2013 and named Does 1-84 as Defendants. Docket No. 1. Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court in April. *See* Plaintiff received no information from AT&T. Plaintiff did receive identifying Docket Nos. 9, 13. On April 30, 2013, Plaintiff issued subpoenas on the non-party ISPs of the Doe Defendants requesting production of identifying information by mid-May. information from

3

Comcast on June 19, and spent a limited amount of time evaluating its claims against the identified individuals, significantly less than the 120 days proscribed by Rule 4(m). In addition, Plaintiff attempted to work with AT&T to overcome AT&T's "objections" to the subpoena. Ultimately, Plaintiff's efforts proved ineffective.

Three Doe Defendants filed motions to quash. Docket Nos. 17 and 21. Plaintiff filed its Opposition to those motions on June 26, 2013. Docket No. 24. Disposition of the motions to quash are still pending.

Accordingly, good cause and reasonable basis exists as to why Plaintiff has not yet served the Defendants in this case. First, Plaintiff attempted to overcome AT&T's objections to a subpoena to no avail. Second, the Defendants have not been prejudiced by any delay in serving them and will not be prejudiced by an extension. Third, Plaintiff has yet to receive production of information pertaining to Does 18, 29, and 42, and thus cannot evaluate its case against those Defendants.

Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to properly effectuate service on the named Defendants. Additionally, the Court should extend the time by which Plaintiff must name and serve the remaining three (3) Doe Defendants.

### III. Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time by which Plaintiff must serve the seven (7) named Defendants in this case, and also extend the time by which Plaintiff must name and serve the remaining three (3) Doe Defendants in this case. Out of an abundance of caution, Plaintiff respectfully requests an additional 21 days from the August 1, 2013, to Thursday, August 22, 2013, in which to effectuate service on the named

Defendants. Additionally, Plaintiff respectfully requests an additional 45 days from the disposition of Docket Nos. 17, 21, and 26.

>By its Attorneys,
>SIMMONS BROWDER GIANARIS
>ANGELIDES & BARNERD LLC
>
>By: /s/ Paul A. Lesko
>Paul A. Lesko
>One Court Street
>Alton, IL 62002
>Ph: 618.259.2222
>Fax: 618.259.2251
>plesko@simmonsfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of August, 2013, a true and accurate copy of the foregoing was filed via the Court's Electronic Case Filing system ("ECF") upon all counsel of record:

Jonathan Lucas Allen Phillips
Shay Kepple Phillips, Ltd.
456 Fulton St.
Ste. 255
Peoria, IL 61602
(309) 494-6155
Email: jphillips@skplawyers.com .
*Counsel for Defendant Doe 18*

Erin Kathryn Russell
The Russell Firm
233 South Wacker Drive
84th Floor
Chicago, IL 60606
312 994 2424
Fax: 312-706-9766
Email: erin@russellfirmchicago.com
*Counsel for Defendant Does 29 & 42*

>/s/ Paul A. Lesko
>Paul A. Lesko - Simmons, Browder, Gianaris,
>Angelides & Barnerd, LLC

5