**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PURZEL VIDEO GmbH, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 C 2501 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| DOES 1-84, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Purzel Video GmbH brings a complaint for copyright infringement, contributory copyright infringement, and civil conspiracy against 84 unnamed "John Doe" defendants.[1] Plaintiff alleges that in January 2013, the Doe defendants used the BitTorrent protocol to unlawfully transfer a copyrighted adult motion picture to which Plaintiff holds the exclusive rights, in violation of the United States Copyright Act, 17 U.S.C. § 101, *et seq.* Now before the court are motions by three of the Doe defendants to quash the subpoenas issued to their Internet Service Provider ("ISP") and to sever and dismiss the individual Doe defendants from this action. They also challenge the complaint as insufficiently pleaded. For the reasons explained below, the motions to quash are denied, the motions to sever are denied without prejudice, and count III of the complaint is dismissed.

## I. BACKGROUND

At this time, the Doe defendants are known to Plaintiff only by the Internet Protocol ("IP") addresses assigned by their ISPs and by the date and time at which the infringing activity

---

[1] Plaintiff has voluntarily dismissed with prejudice Does 6, 21, 27, 59, 69, and 82 with prejudice. (*See* Notice of Voluntary Dismissal, ECF No. 27.) Plaintiff has dismissed Does 1, 2, 4, 5, 8-13, 15-17, 19, 20, 22-26, 28, 30-33, 39-41, 44-47, 49-51, 53-58, 60-67, 70-75, 77-81, 83, and 84 without prejudice. (*See* Notice of Voluntary Dismissal, ECF No. 28.)

was observed. Plaintiff alleges that each of the defendants has an IP address based in Illinois. Plaintiff has issued subpoenas to the ISPs seeking information sufficient to identify each Doe defendant's name and contact information. Some of the Doe defendants have been notified by their ISP of the subpoena. Does #18, 29, and 42 have moved to quash the subpoena and further request that the court sever and dismiss them from this case. The following motions are currently before the court:

- Doe 18 moves to quash the subpoena issued to his ISP, Comcast, on the grounds that" (1) it would violate his right to privacy; (2) the information is irrelevant because the individual subscriber may not be the infringer; and (3) Purzel has no intention of bringing its claims to trial. He further argues that joinder is improper because the defendants were not alleged to be present simultaneously in a BitTorrent swarm. Doe 18 additionally asks the court to require Purzel to show cause why the complaint should not be dismissed as deficiently pleaded. (Motion to Quash, ECF No. 17.)

- Does 29 and 42 move to quash the subpoena and sever the claims against them. They deny downloading and distributing the copyrighted work and argue that the information sought through the subpoena is irrelevant because the individual subscriber may not be the infringer. They also argue that joinder is improper. (Motion to Quash, ECF No. 21.)

## II. MOTIONS TO QUASH AND SEVER

The issues raised in the motions to quash and sever have been considered at length in the opinions of other courts in this district, and this court's discussion is therefore brief.

### A. The BitTorrent Software Protocol

Plaintiff alleges that the Doe defendants each used the BitTorrent protocol to download and distribute its copyrighted motion picture. A description of the use of the BitTorrent protocol to download movies and other copyrighted works can be found in numerous orders of other courts in this district. *See, e.g.*, *TCKY, LLC v. Does 1-87*, No. 13 C 3845, 2013 WL 3465186 (N.D. Ill. July 10, 2013); *Malibu Media, LLC v. John Does 1-25*, No. 12 C 9655 (N.D. Ill. Apr. 24, 2013); *Malibu Media, LLC v. John Does 1-6*, No. 12 C 8903, 2013 WL 2150679 (N.D. Ill.

May 17, 2013); *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618 (N.D. Ill. March 7, 2013).

To summarize briefly, the BitTorrent software protocol breaks up large digital files into smaller pieces. Participants in a BitTorrent file-sharing instance (a "swarm") download these individual pieces from other peer participants. When an individual piece has been downloaded, the protocol permits a participant to make that piece available for peers to download. When a participant has downloaded copies of all of the pieces that made up the original file, the software assembles a copy of the file from the constituent pieces. After his or her own copy is assembled, the user may elect to leave the BitTorrent software running, which makes pieces of the file available for new peers to download. A BitTorrent user may leave the swarm at any time, before or after completing her download, ending her participation in both downloading and sharing. A user may also rejoin the swarm at a later time to complete her download or to continue sharing pieces with other peers. Thus, while a participant in the swarm is downloading the file, and possibly even afterwards, that participant may also be acting as a source for the download of portions of the file by other peers in the swarm. In this case, the complaint alleges that during January 2013, each of the Doe defendants participated in the same BitTorrent swarm to download and distribute Plaintiff's copyrighted motion picture.

**B. Motions to Quash**

The Doe defendants argue that the subpoena should be quashed because an IP address does not identify an individual infringing downloader, and because their privacy interests would be violated if their ISPs provided their names and contact information to Plaintiff.

Federal Rule of Civil Procedure 45(a) allows the issuance of subpoenas to produce documents in a person's custody or control. The rule requires a court to quash or modify a

3

subpoena if it: (1) fails to allow a reasonable time for compliance; (2) "requires a person who is neither a party nor a party's officer to travel more than 100 miles"; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (i-iv). A party moving to quash bears the burden of demonstrating that the subpoena falls within one of these categories. To evaluate whether a subpoena imposes an undue burden, the court asks whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

As a threshold matter, a Doe defendant must have standing in order to object to a subpoena issued to his or her ISP. Although a party usually lacks standing to quash a subpoena issued to a nonparty, courts in this district have split as to whether an anonymous defendant accused of copyright infringement has a privacy interest sufficient to confer standing to object to a subpoena issued to an ISP. *See reFX Audio Software, Inc. v. Does 1-111*, No. 13 C 1795, 2013 WL 2013 3867656, at *1-2 (N.D. Ill. July 23, 2013) (discussing split of authority).

This court need not address the standing issue, however. Even if the defendants have standing to bring motions to quash, a plaintiff alleging copyright infringement is entitled to the information sought through the subpoenas, and the subpoenas impose no undue burden on the Doe defendant, who is not the party who must comply with the subpoena. *See, e.g.*, *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *6. The fact that the customer associated with the IP address may not be the actual infringer is not a basis to quash the subpoena. As Judge Gettleman recently explained in *reFX Audio Software*,

> [E]ven if defendants have standing, there is no merit to the challenge to the subpoenas. [The] argument that the subpoena should be quashed because the information sought will not itself identify the actual infringer demonstrates a lack of understanding of the basic scope of discovery under the federal rules. "Parties

may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). . . . Even if the customer associated with the IP address is not necessarily the person who illegally download[ed] plaintiff's software, the customer's name is the first step in identifying the proper defendant.

*Id.* at *2. The other arguments offered by the defendants in this case in support of quashing the subpoena essentially amount to a denial of liability—they contend that they were not the infringing parties. Such arguments go to the merits of the action and are "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *Hard Drive Prods. v. Does 1-48*, No. 11 C 9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012).

Because the subpoenas will yield information relevant to Plaintiff's claims, and because the requirements of Rule 45 are satisfied, the court denies the motions to quash. The court will, however, grant the Doe defendants leave to proceed anonymously and will require Plaintiff to refrain from publishing the Doe defendants' identities without further leave of the court. Numerous courts have deemed it prudent to allow the defendants to proceed by pseudonym during preliminary stages of copyright infringement proceedings, given the sometimes sensitive nature of the material and the "substantial possibility that the names turned over by ISPs will not accurately identify the individuals who actually downloaded or shared the copyrighted material." *TCYK, LLC v. Does 1-87*, No. 13 C 3845, 2013 WL 3465186, at *4 (N.D. Ill. July 10, 2013).

To further limit any potential for harassment, the court also holds that the identity and mailing address of the bill payer are the only pieces of information that are discoverable. Purzel is not entitled to the telephone number or email address of the bill payers and should not use

these means to make contact with the Doe defendants. Moreover, Purzel must communicate with Doe defendants through their counsel to the extent that they have legal representation.

## C. Permissive Joinder (Rule 20)

The Doe defendants argue that it is inappropriate to join, in a single suit, many anonymous defendants who have allegedly participated in the same BitTorrent swarm. Under Federal Rule of Civil Procedure 20(a)(2), persons may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Joinder is strongly encouraged. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Doe defendants argue, however, that the requirements for joinder pursuant to Rule 20(a)(2) are not satisfied because they did not participate in the same transaction or series of transactions, nor do their cases share common questions of law or fact.

District courts across the nation are split on whether and how participation in BitTorrent swarm can constitute a "transaction, occurrence, or series of transactions or occurrences" under Rule 20. No appellate court has spoken on the issue. Some district courts have held that alleging any participation by defendants in the same BitTorrent swarm is enough to satisfy the requirement that the claims arise out of a "series of transactions or occurrences." Other courts have held that proper joinder depends upon allegations that defendants were present in the same swarm at the same time, participated in a swarm in close temporal proximity, or shared data directly with each other. *See Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679, at *12 (collecting cases).

6

This court is persuaded by Judge Castillo's recent opinion in *Malibu Media, LLC v. John Does 1-6*, which reasons that all that Rule 20 requires "is a logical relationship between the separate causes of action," not a precondition of acting "in concert" or "temporal distance or temporal overlap." *Id.* at *13. Judge Castillo noted that in BitTorrent cases, "[t]he shared operative facts are not solely that each Doe Defendant used BitTorrent, but that 'each Doe Defendant downloaded the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same [copyrighted works], and 2) allow his . . . own computer to be used in the infringement by other peers and Defendants in the same swarm.'" *Id.* at 11 (quoting *Patrick Collins, Inc. v. Does 1-21*, 282 F.R.D. 161, 165 (E.D. Mich. 2012)). Similarly, Judge Tharp has emphasized that "BitTorrent requires a cooperative endeavor among those who use the protocol. Every member of a swarm joins that cooperative endeavor knowing that, in addition to downloading the file, they will also facilitate the distribution of that identical file to all other members of the swarm." *TCYK, LLC v. John Does 1-87*, 2013 WL 3465186, at *4. The court agrees with Judges Castillo and Tharp that "'it is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file—could not constitute a 'series of transactions or occurrences' for purposes of Rule 20(a).'" *Id.* (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012)). *See also Bicycle Peddler, LLC v. Does 1-12*, No. 13 C 2372, 2013 WL 3455849, at *3-4 (N.D. Ill. July 9, 2013).

The complaint in this case alleges that the Doe defendants interacted with one another indirectly through participation in the same BitTorrent swarm. The copy of the motion picture that each defendant allegedly downloaded came from the same source or seed file. Based on

these allegations, the claims against the defendants arise out of the same transaction or occurrence for the purposes of Rule 20(a).  The court also notes that, to the extent temporal proximity of participation in the swarm supports joinder, the complaint alleges that the 84 Doe defendants in this action all participated in the swarm during January 2013.  (*See* Compl. Ex. A, ECF No. 1-1.)  *See Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at *2 (N.D. Ill. June 12, 2012) (allegations that the defendants participated in the same swarm at varying times spanning just over one month supported permissive joinder).

Furthermore, Rule 20(a)(2)(B)'s requirement that the claims involve shared questions of law or fact common to all the defendants is also satisfied.  Plaintiff has asserted the same claim against all of the Doe defendants.  The claims against each defendant rest on the question of whether transferring the motion picture through a BitTorrent swarm infringes upon Plaintiff's copyright, in violation of the Copyright Act.  *See Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679, at *14.

**D.  Discretionary Severance (Rule 21)**

Even though Plaintiff has satisfied the requirements for permissive joinder under Rule 20(a), the court has broad discretion to sever a party at any time.  *See Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *3 (N.D. Ill. Aug. 27, 2012).  Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants.  *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985).

At the time of writing, approximately fifteen Doe defendants remain in this case, as Plaintiff has dismissed most of the original defendants. The motions to quash and sever demonstrate that the defendants may have individualized legal and factual defenses. Other courts have expressed concern that joinder of large numbers of defendants in BitTorrent-related copyright infringement lawsuits will impede just, speedy, and inexpensive resolution of the cases. *See, e.g.*, *Malibu Media, LLC. v. Reynolds*, 2013 WL 870618, at *14 (noting that "each defendant is likely to assert a unique defense"); *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 196 (D. Mass. 2012) ("The Court simply cannot see how it 'promote[s] trial convenience' to hold forty-seven mini-trials and ask one jury to make findings as to each of them."); *Patrick Collins, Inc. v. Does 1-38*, No. 12–10756–NMG, 2013 WL 1175245, at *11 (D. Mass. Mar. 19, 2013) (finding that joinder would create "significant logistical difficulties where 34 Doe defendants remained). The court also notes that the Local Rules of the Central District of California state that a complaint may include no more than ten "Doe or fictitiously named parties." C.D. Cal. L.R. 19-1.

At this early stage in the proceedings, however—before the defendants have actually appeared and raised individual defenses—these concerns are largely hypothetical. Joinder is encouraged, *Gibbs*, 383 U.S. at 724, and joinder at this stage of the litigation is more efficient than requiring Plaintiff to file multiple separate cases in order to obtain the discovery required to identify those responsible for downloading and distributing its motion picture. Severing the defendants would also require the court to address the same factual and legal issues in multiple cases. *See Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679, at *15. Moreover, although the court acknowledges that naming large numbers of Doe defendants in a single action deprives the federal courts of filing fees, the Northern District of Illinois has yet to adopt a Local

Rule, like that adopted by the Central District of California, which would limit the number of Doe defendants in a single action.

The court therefore denies the Doe defendants' motions to sever and dismiss, without prejudice to renewal of the motions to sever as the case progresses. This ruling does not foreclose a future challenge to joinder by Doe defendants who have been identified and served. *See id.* ("At this stage of the litigation, it appears that joinder will be manageable. . . . If joinder becomes unwieldy at a later stage of the litigation, however, the Court may sever . . . pursuant to Federal Rule of Civil Procedure 21.").

### III. THE CONSPIRACY CLAIM

In count III of the complaint, Purzel brings a common-law claim of civil conspiracy based upon the underlying act of copyright infringement. Doe #18 argues that Purzel has not pleaded the required elements of a civil conspiracy claim. The court construes Doe #18's motion as a motion to dismiss the count III pursuant to Federal Rule of Civil Procedure 12(b)(6).

The complaint does not specify whether the civil conspiracy claim is brought pursuant to Illinois or federal law, but the court interprets it as a state law claim, as Illinois recognizes a common-law cause of action for civil conspiracy. In Illinois, a civil conspiracy is defined as "'a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means.'" *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999) (quoting *Buckner v. Atl. Plant Maintenance, Inc.*, 694 N.E.2d 565, 571 (Ill. 1998)). A plaintiff must allege facts establishing both (1) an agreement to accomplish such a goal and (2) a tortious act committed in furtherance of that agreement. *Id.* Here, Doe #18 contends that Purzel has failed to plead the existence of any agreement between the Doe defendants.

10

The court need not decide whether the complaint adequately alleges an agreement. Even assuming that the pleading is adequate in that respect, the civil conspiracy claim is not viable. The Copyright Act preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). In this case, the act alleged to be in furtherance of the alleged conspiracy is copyright infringement. The civil conspiracy claim in count III seeks to vindicate the same rights as the direct copyright infringement claim in count I and the contributory copyright infringement claim in count II.

Because a state-law civil conspiracy claim for copyright infringement is not qualitatively different from a federal copyright infringement claim, it is preempted by the Copyright Act. *See Do It Best Corp. v. Passport Software, Inc.*, 2005 U.S. Dist. LEXIS 7213, 45-46 (N. D. Ill. 2005); *Higher Gear Grp., Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 956, 960 (N.D. Ill. 2002) (dismissing civil conspiracy claim as preempted by the Copyright Act); *cf. Stereo Optical Co. v. Judy*, No. 08 C 2512, 2008 WL 4185689, at *5 (N.D. Ill. Sept. 8, 2008) (allowing a civil conspiracy claim to proceed only as to claims distinct from a copyright infringement cause of action). *See also Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC*, 780 F. Supp. 2d 916, 922 (E.D. Mo. 2011) ("[T]he majority of courts that have considered this issue have held that civil conspiracy claims are preempted under the Copyright Act."). The court therefore dismisses count III of the complaint.

## IV. PURZEL'S NOTICE OF AFFILIATES

The Northern District of Illinois' Local Rule 3.2 requires "[a]ny nongovernmental party, other than an individual or sole proprietorship," to "file a statement identifying all its publicly held affiliates." L.R. 3.2 (N.D. Ill.) "Affiliates" is defined, for the purposes of the rule as "any member" when the party is a "general partnership, joint venture, LLC, LLLP, or LLP." *Id.* This

11

notice of affiliates must be filed "with the complaint or answer, or upon filing a motion, response, or petition, whichever occurs first." *Id.*

On April 3, 2013, Purzel filed along with its complaint "Plaintiff's Corporate Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of Illinois Local Rule 3.2." (ECF No. 3.) In this filing, Purzel advised the court only that "Purzel Video GmbH is not the subsidiary of any parent corporation, nor does any corporation hold 5% or more of Plaintiff's stock." (*Id.*)

This notice was improper. A GmbH is a German LLC, and Local Rule 3.2 is clear that in the case of LLCs, affiliates include "any member." A proper notice of affiliates for an LLC should disclose any member of the company. *Malibu Media, LLC v. Does 1-6*, 2013 U.S. Dist LEXIS 71857 (N.D. Ill. 2013). Accordingly, Purzel is ordered to file an amended notice of affiliates that identifies its members.

## V. CONCLUSION

For the reasons stated above, the Doe defendants' motions to quash are denied, but Plaintiff is entitled only to the account holders' names and mailing addresses. The motions to sever are denied without prejudice. Count III of the complaint is dismissed. Plaintiff shall not publish the Doe defendants' identities without further leave of the court. Plaintiff shall file an amended notice of affiliates with the court.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 16, 2013